IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BOBBY JO ALEXANDER-LISTER, :
                                        :
        Plaintiff,                      :
                                        :
v.                                      :    Civil Action No.
                                        :    1:15-CV-03749-TWT-JCF
J.P. MORGAN CHASE BANK, N.A :
as servicer for EMC MORTGAGE, :
LLC f/k/a EMC MORTGAGE          :
CORP., MORTGAGE                 :
ELECTRONIC REGISTRATION         :
SYSTEMS, INC., JUNE E. BLACK, :
Notary, DANA HIESEL, WHITNEY :
J. COOK, PROMMIS SOLUTIONS, :
LLC, MCCALLA RAYMER LLC,        :
STEVEN J. FLYNN, EMILIE A.      :
DENMARK, NATIONWIDE             :
TITLE CLEARING, INC., BRYAN     :
J. BLY, Notary, J. LESINSKI,    :
CHRIS JONES, VILMA CASTRO,      :
CRYSTAL MOORE, and DHURATA:
DOKO,                           :
                                :
        Defendants              :

## ORDER and FINAL REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, seeks to file this complaint (*see* Doc. 1-1) without prepayment of fees or security pursuant to 28 U.S.C. § 1915(a). After consideration of Plaintiff's Application To Proceed In District Court Without Prepaying Fees Or Costs (Doc. 1), the Court **GRANTS** her request pursuant to 28

U.S.C. § 1915(a), and she shall be allowed to proceed with this action without prepayment of filing or United States Marshal Service fees.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the Court is required to dismiss an *in forma pauperis* complaint at any time if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

2

"Additionally, because Plaintiff [is] acting pro se, [her] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at * 3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).  " 'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' "  *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

Plaintiff asserts several claims against these 16 Defendants, including Fair Debt Collection Practices Act (FDCPA) (First Count); Racketeer Influenced and Corrupt Organizations Act (RICO) (Second Count); 42 U.S.C. § 1983 (Third Count); 42 U.S.C. § 1986 (Fourth Count); "Falsification" (Fifth Count); and "Civil Conspiracy" (Sixth Count).  (*See* Doc. 1-1 at ¶¶ 28-88).  All of Plaintiff's claims rest on her allegations that Defendants unlawfully created and recorded an assignment or assignments that transferred an interest in Plaintiff's real property from HomeBanc Mortgage Corporation, which Plaintiff alleges was in bankruptcy, to Chase/EMC and/or "to a computer known as MERS aka Mortgage Electronic System."  (*See* Doc. 1-1 at ¶¶ 19-26).  Plaintiff alleges the following in the "Factual Allegations" section of her Complaint: because HomeBanc was in bankruptcy, it "was subject to the jurisdiction of the Federal Bankruptcy Court";

Defendants "failed to request/seek permission from the Bankruptcy Court and/or Trustee for authorization to assign the interest in Plaintiff's property to MERS"; MERS "is bankruptcy-remote and as such it cannot purchase mortgage loans, nor purchase or sell interest in real property"; Defendants June E. Black, Dana Hiesel, and Whitney Cook "executed a second fraudulent assignment to be recorded in the land record misrepresenting MERS as the note holder"; Defendants NTC, Bly, Moore, Doko, Castro, and Lesinski falsely claimed that HomeBanc sold its interest to MERS" and "recorded an assignment in the public land records of Georgia with knowledge that the factual content of this document was false and perjured"; "Defendant McCalla knew or should have known that the factual content of the assignment were [sic] false and perjured"; and "Defendants tortuous conduct in manufacturing the Assignment, allowed Defendants to improperly pursue foreclosure against Plaintiff." (*Id.* at ¶¶ 21-27).

Plaintiff's allegations are plainly insufficient to state a claim on which relief can be granted. In the first place, Plaintiff's Complaint "is in the prohibited shotgun format, which makes it difficult for the court (and the Defendants) to ascertain which allegations pertain to which individual defendant." *Enedah v. America's Servicing Co.*, No. 1:11-CV-00695-AT-GGB, 2011 U.S. Dist. LEXIS 158296, at *4 (N.D. Ga. Nov. 18, 2011), *adopted by* 2012 U.S. Dist. LEXIS 190294 (N.D. Ga. Mar. 16, 2012). All of Plaintiffs claims appear to be asserted

against all Defendants, but Plaintiff fails to specify which acts by each Defendant give rise to liability for each claim, and she incorporates all preceding paragraphs into each count, *see* Doc. 1-1 at ¶¶ 28-88, typical of the classic "shotgun" style of pleading condemned by the Eleventh Circuit. *See Thompson v. RelationServe Media, Inc.,* 610 F.3d 628, 650 (11th Cir. 2010).[1]

---

[1] In *Thompson*, Judge Tjoflat, in an opinion concurring in part and dissenting in part with the panel majority, explained the Eleventh Circuit's view of "shotgun" pleadings:

> The complaint was a typical "shotgun" pleading, in that each count incorporated by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged were not material to the claim, or cause of action, appearing in a count's heading. This circuit condemns shotgun pleadings. *See, e.g., Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991) ("Anyone schooled in the law who read these [shotgun pleading] complaints . . . [] would know that many of the facts alleged could not possibly be material to all of the counts. Consequently, [the opposing party] and the district court [have] to sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed."); *see also Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 984 (11th Cir. 2008) (refusing to award attorneys' fees in a Title VII case because the use of shotgun pleadings "complicated [appellate review] to no end"); *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1156 n.1 (11th Cir. 2006) (noting that shotgun pleadings are "frowned upon in this circuit"); *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."); *Beckwith v. City of Daytona Beach Shores, Fla.*, 58 F.3d 1554, 1567 (11th Cir. 1995) ("The bar would be better served by heeding this advice: 'In law it is a good policy never to plead what you need not, lest you oblige yourself to prove what you cannot.' ") (quoting

Moreover, Plaintiff's allegations of wrongdoing are wholly conclusory, with no factual detail that plausibly demonstrates an entitlement to relief. For example, in support of her FDCPA claim, she alleges that "Defendants['] actions of filing and maintaining the foreclosure action and opposing Plaintiff's legal challenges with the use of false statements and evidence constitute a false, deceptive, and/or misleading practice in an attempt to collect a debt in violation of the FDCPA." (Doc. 1-1 at ¶ 31). That is the extent of her factual support for that claim. The other claims fare no better. (*See generally id.* at ¶¶ 34-88). Nor are Plaintiff's conclusory allegations about the allegedly invalid assignment(s) sufficient to plausibly suggest that Defendants have engaged in activity that would give rise to liability under any of the cited statutes, including the FDCPA, federal RICO, or 42 U.S.C. §§ 1983 and 1986.

Critically—and fatal to her claims—courts have repeatedly rejected plaintiffs' challenges to assignments to which the plaintiffs were not a party due to their lack of standing. *See, e.g.*, *McCloud v. HSBC Bank USA, NA*, 618 Fed. Appx. 660, 2015 U.S. App. LEXIS 18736, at *2 n.2 (11th Cir. Oct. 28, 2015) ("McCloud – as a non-party to the assignments – lacks standing to challenge to validity of the

---

Abraham Lincoln, Letter to Usher F. Linder, Feb. 20, 1848, in The Quotable Lawyer 241 (D. Shrager & E. Frost eds., 1986)).

610 F. 3d. at 650 n.22.

assignments."); *Milburn v. Aegis Wholesale Corp.*, No. 1:12-CV-01886-RWS, 2013 U.S. Dist. LEXIS 36664, at *9 (N.D. Ga. Mar. 18, 2013) (explaining that "as a stranger to the Assignment, Plaintiff lacks standing to challenge it"); *Montgomery v. Bank of Am.*, 740 S.E. 2d 434, 438 (Ga. Ct. App. 2013) (finding that even if "the assignment on behalf of MERS was flawed, the proper party to bring a claim against MERS would be the other party to the assignment, BAC," not the plaintiff who therefore "has no basis to contest the validity of the assignment"). Even taking Plaintiff's *pro se* status into account, she has failed to satisfy the pleading requirements of Rule 8, *Twombly* and *Iqbal*. *See Washington v. CSX Transp. (R.R.)*, No. CV408-247, 2009 U.S. Dist. LEXIS 12903, at *4-5 (S.D. Ga. Mar. 9, 2009) ("[T]he *Twombly* pleading standard, even when applied to *pro se* plaintiffs, simply does not permit a Court to 'reverse-engineer' a plaintiff's conclusion that he is entitled to relief.  Instead, the plaintiff must plead facts and law showing *why* he is entitled to relief.  He thus must assert non-conclusory allegations supporting the elements of his claims."), *adopted by* 2009 U.S. Dist. LEXIS 39308 (S.D. Ga. May 8, 2009).

The undersigned acknowledges that where a "more carefully drafted complaint might state a claim," the court must allow a *pro se* plaintiff "at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment would be futile.  *Lee v. Alachua Cnty.*, 461 Fed.

Appx. 859, 860 (11th Cir. Feb. 21, 2012) (unpublished decision).  All of Plaintiff's claims rest on the alleged invalidity of an assignment or assignments of a security interest in Plaintiff's property, but as discussed above, she lacks the standing to challenge the validity of the assignment(s).   Thus, a "more carefully drafted complaint" based on Defendants' actions with respect to those assignments would be futile.  *See, e.g.*, *Veal v. Deutsche Bank Nat'l Trust Co.*, No. 1:13-cv-3610-WSD, 2014 U.S. Dist. LEXIS 96867, at *16-18 (N.D. Ga. July 17, 2014) (finding that it would be futile to allow the *pro se* plaintiffs to file an amended complaint because "Plaintiffs have not, and cannot, assert a viable claim based on perceived defects in the Assignment, or in the foreclosure, dispossessory, or eviction proceedings brought by Deutsche Bank"); *LSREF2 Baron, LLC v. Alexander SRP Apts., LLC*, 15 F. Supp. 3d 1351, 1354 (N.D. Ga. Oct. 1, 2013) ("As Alexander 'lack[s] standing to contest' the assignment of the security interests to Baron under Georgia law, an amendment to its Amended Counterclaim and Third-Party Complaint to contest the assignment would be futile."); *Adams v. Mortg. Elec. Registration Sys., Inc.*, No. 1:11-CV-04263-RWS, 2012 U.S. Dist. LEXIS 54000, at *20-21 (N.D. Ga. Apr. 16, 2012) (finding that it would be futile to allow the plaintiff to amend complaint to add wrongful foreclosure claim based on the allegedly improper assignment of the power to foreclose because "Plaintiff is not a party to the Corrective Assignment and therefore has no standing to challenge its

8

validity"). Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim on which relief can be granted.

The Clerk is **DIRECTED** to terminate the reference of this case to the undersigned Magistrate Judge**.**

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this <u>11th</u> day of <u>December</u>, 2015.

       <u>/s/ *J. CLAY FULLER*</u>
       J. CLAY FULLER
       United States Magistrate Judge